Case 4:22-cv-01250   Document 1-1   Filed on 04/20/22 in TXSD   Page 1 of 9

21-JSC11-00265

Electronically Filed
12/13/2021 12:00 AM
Janssen, Gary D.
Justice of the Peace, Pct 1 Place 1
Fort Bend County, Texas

CAUSE NO. _____

| | | |
|---|---|---|
| JUSTIN CARL PFEIFFER, | § § | IN THE JUSTICE COURT OF |
| *Plaintiff,* | § § | |
| v. | § § | PRECINCT ONE, PLACE ONE |
| | § § | |
| Charles R. Eskridge, III, | § § | |
| *Defendant*. | § | FORT BEND COUNTY, TEXAS |

## PLAINITFF'S ORIGINAL PETITION

Now comes plaintiff Justin Carl Pfeiffer, who makes this complaint against defendant Charles R. Eskridge, III, and would respectfully show this Court as follows:

### DISCOVERY LEVEL

1. Plaintiff intends that discovery be conducted under Level 1 of Texas Rule of Civil Procedure 190.2 and affirmatively pleads that this suit is governed by the expedited-actions process in Texas Rule of Civil Procedure 169.

### PARTIES

2. Pfeiffer is a resident of the State of Texas. Pfeiffer resides in Fort Bend County, Texas. During all relevant times in this suit, Pfeiffer was an attorney for Fort Bend County—a subdivision of the State of Texas—and entitled to the official immunities accorded to an attorney for the state.

3. Defendant Eskridge is a resident of the State of Texas. Eskridge is a judge on the United States District Court of the Southern District of Texas. He may be served at 515 Rusk Street, Room 8607; Houston, Texas 77002 with a principal office telephone number of (713) 250-5257.

1

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over the defendant because he is an individual residing in Texas. The Court has subject-matter jurisdiction over this case because the amount in controversy is within the Court's jurisdictional limits.

5. Venue is proper in Fort Bend County under Section 15.093 of the Texas Civil Practice and Remedies Code. At least one of the torts inflicted by Eskridge on Pfeiffer occurred upon Pfeiffer in the county and precinct of this Court.

## SUMMARY

6. Eskridge ordered Pfeiffer to surrender official documents without having lawful jurisdictional authority. Eskridge ignored repeated challenges to his jurisdiction and infringed on the sovereign authority of attorney for the state. Eskridge also conspired with the U.S. Department of Justice to bully the latter into noncompliance with federal statute and violations of state sovereignty. Because Eskridge acted wantonly without jurisdiction, this action seeks to hold him responsible for his egregious usurpation of authority in violation of more than two centuries of basic principles of federalism.

## FACTS

7. At all relevant times, Pfeiffer was an attorney for the state, engaged as attorney of record in high-profile contentious litigation on behalf of the people's lawfully elected representatives.

   a. Pfeiffer represented and argued on behalf of several district attorneys asserting that the Legislature may not provide the Attorney General of this State with independent criminal prosecutorial authority. *State v. Stephens*, 608 S.W.3d 245 (Tex. App.—Houston [1st Dist.] 2020, *pet. granted*, Nos. PD-1032-20 & PD-1033-20 (Tex. Crim. App.) (argued Jun. 16, 2021) (representing Brian M. Middleton, District Attorney of Fort Bend County (268th Judicial District of Texas), Joe D. Gonzales, Criminal District Attorney of Bexar County; Kimbra Kathryn "Kim" Ogg,

District Attorney of Harris County; John Coleman Creuzot, Criminal District Attorney of Dallas County; Mark A. González, District Attorney of Nueces County (105th Judicial District); José Pompa Garza, District Attorney of Travis County (53rd Judicial District); and Delia Aileen Garza, County Attorney of Travis County).

      b.      Pfeiffer represents the counties of Harris and Fort Bend and the Travis County Clerk supporting the district court's conclusion that the Texas Secretary of State is the rightful party in a federal constitutional challenge to Texas's voting laws. Brief of *Amici Curiae*, Lewis v. Hughs, No. 20–50654, 2021 WL 856610 (5th Cir. Feb. 24, 2021).

      c.      Pfeiffer represented Fort Bend County in federal litigation arising out of the Governor of Texas's limitation to one ballot-return center per county of mail-in ballots despite the statutory structure allowing counties to utilize staffed clerk satellite locations for return of said ballots. *Tex. League of United Latin Am. Citizens v. Abbott*, 493 F. Supp. 3d 548 (W.D. Tex. 2020). Pfeiffer led the aligned-urban county response in the thirty hours over a holiday weekend afforded by the Fifth Circuit to attempt in vain to save the district court's order, which the district court made to foster the voting rights of racial minorities and persons of limited economic means. Brief of *Amici Curiae* Fort Bend and Harris Counties, Tex. League of United Latin Am. Citizens v. Hughs, 978 F.3d 136 (5th Cir. 2020) (No. 20–50867) (Oct. 12, 2020).

      d.      Pfeiffer represented Fort Bend County and the City of Houston in support of former Harris County Clerk Chris Hollins and his plan to mail applications to all lawfully registered voters within Harris County to facilitate their ability to request a ballot by mail. Brief of *Amici Curiae* Fort Bend County and City of Houston, *State v. Hollins*, 600 S.W.3d 400 (Tex. 2020) (No. 20-0729) 2020 WL 6037684 (Tex. Sept. 28, 2020). Hollins's plan also fostered the voting rights of racial minorities and persons of limited economic means.

    e.  Last, Pfeiffer represented the prosecutorial authority of this county in a challenge to the Governor of Texas's March 2020 emergency order restricting abortion in Austin federal district court. *Planned Parenthood Ctr. for Choice v. Abbott*, 450 F. Supp. 3d 753 (W.D. Tex. 2020), *vacated*, *In re Abbott*, 954 F.3d 772 (5th Cir. 2020), *cert. granted & procedurally vacated*, *Planned Parenthood Ctr. for Choice v. Abbott*, 141 S Ct. 1261 (2021).

  8.  Prior to Pfeiffer being an attorney for the state, Pfeiffer worked at a Houston law firm.

  9.  That law firm involved Pfeiffer in the PetroEcuador scandal. In that ongoing money laundering scandal, employees of PetroEcuador's Refining Division awarded contracts to various providers in exchange for bribes. It is the world's third-largest public corruption scandal. The former president and vice president of Ecuador have been convicted. Personally, Pfeiffer was detained by INTERPOL in Santiago, Chile, for his involvement in this affair.

  10.  In February 2019, the Federal Bureau of Investigation requested that Pfeiffer appear for an interview in April with officials from the FBI and the Money Laundering and Asset Recovery Section of the Criminal Division of the U.S. Department of Justice.

  11.  At the express direction of then-County Attorney Roy Cordes, Pfeiffer provided reports, documents, and testimony to FBI and DOJ officials in April and May 2019. Pfeiffer received his salary from Fort Bend County during the days he testified.

  12.  Cooperating with federal authorities was within the scope of Pfeiffer's duties as an attorney for the state.

  13.  Litigation ensued between Pfeiffer and his former firm.

  14.  The Honorable David Hittner of the Southern District of Texas granted the former firm's motion to dismiss Pfeiffer's complaint.

  15.  With Eskridge's confirmation, the federal district clerk reassigned this matter from Judge Hittner to Eskridge. Suspiciously, the clerk also reassigned the other matter Pfeiffer had

pending in the Southern District of Texas representing the present Member of Congress for this precinct.

15. Before Pfeiffer could file an amended complaint, the former law firm filed standalone state law counterclaims. A federal court may not hear state-law claims against parties from the same state without a federal question. To do so, usurps the basic sovereignty and authority of state courts.

16. Rather than establish such federal jurisdiction, Eskridge engaged in oppression by threatening Pfeiffer with ethical sanctions and force from deputy marshals in his sealed courtroom. Eskridge also conspired with Fifth Circuit judges, who also threatened ethical sanctions in sealed proceedings, rather than address Eskridge's usurpation of basic state judicial authortiy.

17. While Pfeiffer was on a pre-advised vacation in Europe, Eskridge ordered Pfeiffer to turnover the documents and storage media. In addition to questioning jurisdiction, Pfeiffer filed a dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i). That rule allows dismissal by the plaintiff where the plaintiff files "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." "That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play * * * * Its alpha and omega was the doing of the plaintiff alone." *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963).

18. Instead of recognizing this rule, Eskridge browbeat Pfeiffer into surrendering documents and storage media to federal district clerk's office on December 12, 2019.

### COUNT I—CONVERSION

19. Plaintiff legally possessed the documents and storage media. Under binding Texas law, "[a] lawyer who leaves a law firm may, at the lawyer's expense, make and retain copies of former clients' documents generated in matters in which the lawyer personally represented the clients." TEX. COMM. ON PROF'L ETHICS OP. 670 (2018). "A prior law firm's or former client's consent is not

5

required for a lawyer to make and retain copies of a client's documents." *Id.*

20. The storage media also contained County documents, including materials in defense of Congressman Nehls, which the federal district clerk's office had suspiciously reassigned to Esrkidge. As an attorney for the state, Pfeiffer properly possessed such materials in his official capacity.

21. Defendant wrongfully acquired an exercised dominion and control over plaintiff's personal property. Defendant's acts amounted to a clear repudiation of plaintiff's rights.

22. In fact, to the extent that the materials were official documents in Pfeiffer's capacity as an attorney for the state, Eskridge violated Texas penal law by confiscating them. . Section 552.351 of the Texas Government Code provides that "[a] person commits an offense if the person willfully destroys, mutilates, removes without permission as provided by this chapter, or alters public information." TEX. GOV'T CODE § 552.351(a). This criminal offense is punished by a fine ranging from $25 to $4,000; confinement in the county jail for three days to three months, or both. TEX. GOV'T CODE § 552.351(a). A federal district judge is not authorized under the Texas Government Code to remove public documents and then threaten said "attorney for the state."

23. Eskridge confiscated about a half dozen media storage drives and a three-ring binder notebook, which Pfeiffer had purchased with personal funds.

24. Such action also damaged Pfeiffer both economically and for loss of time, which is also expressly compensable. *See Brossier Chrysler Dodge II, Inc. v. Rauschenberg*, 201 S.W.3d 787, 810 (Tex. Ct. App.—Waco, 2006).

25. Pfeiffer extensively fought seizure of his and the County's property, including asserting his official immunity. At the reasonable estimate of leisure time of $40 per hour, Pfeiffer's damages in lost time equates to the jurisdictional limits of this Court. Such damages primarily occurred to Pfeiffer in Precinct One of Fort Bend County.

## JURY DEMAND

26.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## REQUEST FOR DISLCOSURE

27.     Under Texas Rule of Civil Procedure 194, plaintiff requests that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2

## PETITION MAY NOT BE REMOVED TO FEDERAL COURT

28.     Any official with the United States Department of Justice who removes this petition to federal district court would commit official misconduct.

29.     Eskridge lacked jurisdiction for three independent reasons: (a) no federal-question jurisdiction allowed him to act; (b) acting despite a Federal Rule of Civil Procedure 41(a)(1)(A)(i) and (c) acting against a state official while refusing to address said official's immunity under state law.  Eskridge usurped state judicial power while ignoring that Texas law does impose immunity upon officials acting within the scope of their official duties.  Eskridge sealed all of Pfeiffer's filings and threatened him to hide his theft and usurpation of authority.  No state court would have acted thusly.

30.     Without jurisdiction, Eskridge may not rely on his official immunity.  *See Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978); *Bradley v. Fisher*,13 Wall. 335, 351–52 (1872).  Plaintiff and defendant stand before this Court as two private citizens of Texas in this matter—the result of Eskridge unwisely ignoring Pfeiffer's official immunity.

31.     The Department of Justice possesses a copy of some of the seized material since Pfeiffer provided such in April and May 2019.  Under the Victims' Rights and Restitution Act ("VRRA"), the "responsible official shall ensure that any property of a victim that is being held for evidentiary purposes be maintained in good condition and returned to the victim as soon as it is no longer needed for evidentiary purposes."  Crime Control Act of 1990, Pub. L. 101–647, § 507(c)(6),

104 Stat. 4789, 4821 (codified at 42 U.S.C. § 10607(c)(6)). Because the DOJ has not returned the aforementioned materials to Pfeiffer, the DOJ is not in compliance with the VRRA.

32. For all of these reasons, undersigned will refer any DOJ attorney removing this action to the DOJ's Office of Professional Responsibility for official misconduct.

### PRAYER

WHEREFORE, premises considered, plaintiff Justin Carl Pfeiffer prays that defendant Charles R. Eskridge, III, be cited to appear and answer herein, and that on final hearing this Court award plaintiff his damages, exemplary damages under § 41.003(a)(1) of the Texas Practice and Remedies Code, reasonable and equitable attorney's fees, pre- and post-judgment interest, costs of Court, and such other and further relief to which plaintiff may show himself justly entitled.

DATED: DECEMBER 12, 2021     RESPECTFULLY SUBMITTED,

*/s/ Justin C. Pfeiffer*
JUSTIN C. PFEIFFER (SBN 24091473)
*Counsel of Record*
5200 Pointe West Cir.
Apt. # 15101
Richmond, Texas 77469
[Tel.] (832) 312-7900
jcpfeiff@umich.edu

COUNSEL FOR PLAINTIFF JUSTIN CARL PFEIFFER



# SMALL / DEBT CLAIMS CITATION

**Judge Gary D. Janssen**
**Justice of the Peace, Precinct Four**
**Fort Bend County, Texas**
Email: jp4civil@fortbendcountytx.gov

Case No. 21-JSC11-00265

| | | |
|---|---|---|
| **Justin Carl Pfeiffer** | § | In The Justice Court |
| vs. | § | Precinct Four |
| **Charles R Eskridge, III** | § | Fort Bend County, Texas |

THE STATE OF TEXAS
COUNTY OF FORT BEND

TO: ANY SHERIFF, CONSTABLE OR OTHER PERSON AUTHORIZED BY LAW, OR ANY PERSON CERTIFIED UNDER ORDER OF THE TEXAS SUPREME COURT:

Deliver this citation to:   Charles R Eskridge, III
515 Rusk Street Room 8607
Houston TX  77002

The State of Texas to Charles R Eskridge, III, in the hereinafter-styled and numbered cause:

You have been sued. You may employ an attorney to help you in defending against this lawsuit. You are not required to employ an attorney. You or your attorney must file an answer with the court. Your answer is due by the end of the 15th day after the day you were served with these papers. If the 15th day is a Saturday, Sunday, or legal holiday, your answer is due by the end of the first day following the 15th day that is not a Saturday, Sunday, or legal holiday. Do not ignore these papers. If you do not file an answer by the due date, a default judgment may be taken against you. For further information, consult Part V of the Texas Rules of Civil Procedure, which is available online and also at the court listed on this citation.
Written answer to be filed by mail, email or fax - Justice of the Peace, Precinct Four, 301 Jackson St, Richmond, Texas 77469, jp4civil@fortbendcountytx.gov, (fax) 832-471-1859. The court can be contacted at (832) 471-2550.
Nature of demand made by Plaintiff is as set forth in the attached copy of Plaintiff's Original Petition, filed December 13, 2021.

Issued and given under my hand on this the 5th day of January, 2022.

Plaintiff's Name and Address:
Justin Carl Pfeiffer
5200 Pointe West Cir Apt #15101
Richmond TX 77469

Plaintiff's Attorney:
Justin C. Pfeiffer
5200 Pointe West Cir Apt #15101
Richmond TX 77469

Judge Gary D. Janssen
Justice of the Peace, Precinct Four
Fort Bend County, Texas

By _____
Linda Avila
Justice Court Deputy

---

**OFFICER'S RETURN**

Received on _____, at _____ ____.m., and executed by me on the _____ day of _____, 20____, at _____ ____.m., by delivering a copy of this Citation together with a copy of the Petition to: _____, in person at _____ _____ by _____. Not executed, the diligence being used to execute being _____ for the following reason _____. The Defendant may be found _____.

FEES:
Service     $_____
Mileage    $_____                    Officer / Process Server