IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Justin Carl Pfeiffer,<br>  *Plaintiff,* | § § § § § § § § § | |
| v. | | Case No. 4:22-cv-01250 |
| Charles R. Eskridge, III,<br>  *Defendant.* | | |

### **PLAINTIFF'S VOLUNTARY DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i) AND SUGGESTION OF LACK OF SUBJECT-MATTER JURISDICTION**

The United States—a non-party to a never-served action—purports to remove this matter to federal court even though the United States acknowledges that no federal officer has been subjected to state judicial civil power. At best, the United States seeks an advisory opinion that jurisdiction would exist ***if*** certain events that the United States seemingly believes—contrary to Texas procedural law—were about to happen actually did happen.

Because the state court did not have jurisdiction by Plaintiff's own voluntary actions, the United States' removal is improper. Nevertheless, because it is utterly pointless to continue an action where the Plaintiff does not believe either this Court or the state court of removal possesses subject-matter jurisdiction, Plaintiff dismisses this action pursuant to Federal Rule of Civil

1

Procedure 41(a)(1)(A)(i). Further, related matters are now on a path to resolution likely obviating further litigation.[1]

## I.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). "Courts created by statute can have no jurisdiction but such as the statute confers." *Sheldon v. Sill*, 49 U.S. (8 How.) 441, 449 (1850). "[F]ederal courts are under an independent obligation to examine their own jurisdiction." *FW/PBS, Inc. v. City of Dall.*, 493 U.S. 215, 231 (1990).

### A.

Beginning with Article III of the Constitution, "the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions." *Flast v. Cohen*, 392 U.S. 83, 96 (1968). "The rule against advisory opinions was established as early as 1793 * * * and has been adhered to without deviation." *Id*. at 97 n. 14 (citing *United States v. Fruehauf*, 365 U.S. 146, 157 (1961)).[2]

Here, the United States attaches an unserved petition from the Justice Court for Precinct One of Fort Bend County, Texas. Texas Rule of Civil Procedure

---

[1] Opposing counsel has been cooperative in resolving matters related to this controversy. Nothing written here should be construed as individual criticism.
[2] Advisory opinions are also prohibited in Texas. *Morrow v. Corbin*, 62 S.W.2d 641, 643–44 (Tex. 1933).

500.3(a) provides that a small claims case is governed by Rules 500 to 507 of the Texas Rules of Civil Procedure.³ "The plaintiff is responsible for obtaining service on the defendant of the citation," TEX. R. CIV. P. 501.1(a), which is a prerequisite to the state court obtaining jurisdiction over the defendant, *Goss v. Sillmon*, 570 S.W.3d 319, 322 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *El Paso Indep. Sch. Dist. v. Alspini*, 315 S.W.3d 144, 149 (Tex. App.—El Paso 2010, no pet.); *Cockrell v. Estevez*, 737 S.W.2d 138, 140 (Tex. App.—San Antonio, no writ).

In Texas county and district courts, a defendant may waive service in writing, TEX. R. CIV. P. 119, or by appearing in open court, TEX. R. CIV. P. 120. Defendant has done neither. To accept or waive service in Texas, a defendant must provide "a written memorandum signed by him, or by his duly authorized agent or attorney, after suit is brought, sworn to before a proper officer other than an attorney in the case, and filed among the papers of the cause." TEX. R. CIV. P. 119. Any failure to follow this procedure, no matter how technical or trivial deprives the court of jurisdiction. *Deen v. Kirk*, 508 S.W.2d 70, 71 (Tex. 1974).

---

³ The unserved petition alleges the conversion of personal property amounting to some eighty dollars, which art. 5, § 19 of the Texas Constitution places in the "exclusive jurisdiction" of the justice court. The Texas Constitution's "open courts" guarantee, TEX. CONST. art. 1, § 13, protects the petition's filing as a right "embodied in the Magana Carta [that] has been a part of our constitutional law since our republic." *Lucas v. United States*, 757 S.W.3d 687, 690 (Tex. 1988) (certified question).

And there is more. Those rules do not apply in a justice court unless "the judge hearing the case determines that a particular rule must be followed to ensure that the proceedings are fair to all parties." TEX. R. CIV. P. 500.3(e)(1). The United States made no such request of Judge Gary D. Janssen. The state court's register of actions demonstrates that the state court did not receive the notice of removal until April 21, 2022, which postdates removal. If no reasonable person could possibly claim that the state court had jurisdiction at the time of removal, then it is difficult to see how this Court has jurisdiction.

B.

The United States fairs no better under its asserted statutory basis for removal. Twenty-eight U.S.C. §§ 1442(a)(1) & (3), which the United States invokes as authority for removal, apply to "any proceeding in which state judicial civil power was invoked against a federal official." *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 415 (D.C. Cir. 1995) (applying the analysis to all subsections of § 1442(a)).[4] Whether state judicial civil power has been invoked

---

4     The United States includes 28 U.S.C. § 1442(a)(1) as a basis for removal, which applies where the federal official defendant is engaged in "the apprehension or punishment of criminals or the collection of the revenue." This matter invokes the polar opposite situation, but demonstrating such would require the use of sealed materials. Nor is it useful to point out the palpable lack of subject-matter jurisdiction in the prior actions thoroughly demonstrated in briefing under seal that Defendant refused to address contrary to innumerable precedents and the Constitution itself.

necessarily involves an examination of state law.[5] For the reasons explained above, such has not occurred because the federal official defendant has not been served and is accordingly not subject to the state judicial civil power.

The removal statute requires that the complaint be served before the thirty-day clock for defendant's removal right begins. *See* 28 U.S.C. §§ 1446(b)(1) & 1446(b)(2)(B). Removal prior to the service of the complaint, where state law requires service of the citation to commence the action, is improper. *U.S.E. Prods., Ltd. v. Marvel Enters.*, 314 F. Supp. 2d 213, 215 (S.D.N.Y. 2004) (district court *sua sponte* remanded where defendant removed prior to service). If remanded and Plaintiff were to perfect service on Defendant, as Plaintiff has not so far done and has no intention of doing, then Defendant would have the right to try again within thirty days from the date of that service. *See id*. But that is the archetypical hypothetical future occurrence for which *Flast* prohibits this Court from considering in ascertaining its jurisdiction.

It is all the more obvious here where the United States' removal was not even accompanied by a waiver of service of process from its client in this Court. In this posture, the United States seemingly seeks to turn this Court into a

---

[5] Utilizing *Brown & Williamson* is gracious to the position of the United States. The Fifth Circuit restricts § 1442 to those actions properly commenced in state court that could "arrest, restrict, impair, or interfere with the exercise of federal authority by federal officials." *Murray v. Murray*, 621 F.2d 103, 106 (citing *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)).

"publicly funded forum[] for * * * the refinement of jurisprudential understanding." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State*, 454 U.S. 464, 473 (1982).

II.

The United States did not consult with undersigned before filing its petition for removal even though the United States Department of Justice has been the third wheel in this forever controversy. The United States owes extensive statutory duties to both of the putative parties yet the Victims' Rights and Restitution Act of 1990[6] is unacknowledged in the removal petition.

Without subject-matter jurisdiction, no party may obtain final resolution from the Court's action. Plaintiff obviates such with his voluntary dismissal. *See* FED. R. CIV. P. 41(a)(1)(A)(i). Nor has Plaintiff's behavior been contrary given that Texas law requires diligence in the service of the citation. *Ashley v.*

---

[6] *See, generally*, Crime Control Act of 1990, Pub. L. 101–647, §§ 501 *et seq.*, 104 Stat. 4789 (codified at 42 U.S.C. §§ 10601 *et seq.*). Undersigned appreciates the steps that the Department of Justice has now taken to fulfill the requirements of this statute. Here, such is particularly important since Defendant and other parties in the prior litigation accused undersigned of abusing his capacity as an "attorney for the state." *See* Tex. Pen. Code §§ 39.02(a) (abuse of official capacity), 39.03(a) (official oppression). The Texas Court of Criminal Appeals after hearing arguments from undersigned—against the exceptionally capable Solicitor General of Texas himself—determined such questions to be exclusively within the province of the locally elected district attorney. *State v. Stephens*, Nos. PD-1032-20 & PD-1033-20, 2021 Tex. Crim. App. LEXIS 1194, *21-*23, — S.W.3d — (Tex. Crim. App. Dec. 15, 2021). And such materials will allow the appropriate constitutional officer to proceed in his exclusive discretion.

6

*Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009). A review of the state court documents the United States included with its removal petition demonstrate that Plaintiff has made no effort to serve a citation for a December 13, 2021, state justice court petition, which is the functional equivalent of a dismissal by conduct in Texas.

Binding Texas law from the very appellate district that sits over the state court of removal expressly negates diligence under materially indistinguishable facts. *Butler v. Ross*, 836 S.W.2d 833, 835–36 (Tex. App.—Houston [1st Dist.] 1992, no writ).[7] Plaintiff—an "attorney for the state" at time relevant to this dispute—is not going to buck binding state law.[8]

---

[7] Service of process may be effectuated in this Court under certain circumstances. *Freight Terminals v. Ryder Sys.*, 461 F.2d 1046, 1052 (5th Cir. 1972) (citing 28 U.S.C. § 1448). Even if service were perfected under this Court's rules, such would be inappropriate given that the state court would not accept jurisdiction after this lengthy passage of time.

[8] Further, the non-suit provision in Texas civil practice, TEX. R. CIV. P. 162, does not even apply to justice court actions, TEX. R. CIV. P. 500.3(e)(1). Plaintiff should not have violate a Texas rule to please some ephemeral interest of the Defendant. As undersigned wrote to the Texas Court of Criminal Appeals: "The Story of Texas is a continuous struggle of its citizenry jealously guarding their liberties from usurpation by more remote authorities" such that the "locally accountable prosecutor is a cornerstone of the liberty of Texans as much as are the rights to trial by jury and public access to judicial proceedings." Brief of *Amici Curiae* Brian M. Middleton, District Attorney of Fort Bend County (268th Judicial District of Texas), Joe D. Gonzales, Criminal District Attorney of Bexar County; Kimbra Kathryn "Kim" Ogg, District Attorney of Harris County; John Coleman Creuzot, Criminal District Attorney of Dallas County; Mark A. González, District Attorney of Nueces County (105th Judicial District); Margaret M. Moore, District Attorney of Travis County (53rd Judicial District); and David A. Escamilla, County Attorney of Travis County), State v. Stephens, Nos. PD-1032-20 & PD-1033-20 (argued Jun. 16, 2021), 2021 Tex. Crim. App. LEXIS 1194,

III.

The actions of the United States here risk damage to Texas jurisprudence by seeking to revive an unserved state court suit long after the passage of time indicative of anything approaching a live controversy. The United States using its prestige to create an exception to rigid Texas service requirements risks the finality of numerous suits the Texas court system handles involving members of our armed forces stationed in Texas or Texas-based federal civilian employees.

Alternatively, unscrupulous federal employees could use this procedure to defeat their opponent's diligence in service by forcing the non-federal employee to obtain remand before being able to perfect service in the state court. While federal statute allows "service of process in the same manner as in cases originally filed in such district court," 28 U.S.C. § 1448, the Fifth Circuit's application has been where the court of removal had service rules comparable to a federal district court. *See Freight Terminals*, 461 F.2d at 1052. Because the justice courts provide less options, *see* TEX. R. CIV. P. 500.3(e)(1) & 501.1(a), the United States risks upsetting the balance chosen by the Texas Judiciary between less onerous disposition procedures but more onerous service requirements.

Further, the removal petition ignores the statute's strictly construed thirty-day limitation. *See* 28 U.S.C. § 1446(b)(1) (requiring removal of a civil

---

— S.W.3d — (Tex. Crim. App. Dec. 15, 2021) (Nos. PD-1032-20 & PD-1033-20), at 39, 42 (Tex. Crim. App. Dec. 24, 2020).

8

action "30 days after the receipt by the defendant, through service or otherwise").[9]

Here, it appears that the United States and Defendant learned of this suit on or around March 11, 2022, given that such is the date that the state court docket indicates a copy request was made to the state court. April 20, 2022—the date of removal—is more than 30 days after March 11. The statutory basis of jurisdiction here is, at best, opaque.[10]

### IV.

Because this Court palpably lacks subject-matter jurisdiction and there is no live controversy in the state court of removal, Plaintiff voluntarily dismisses this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

DATED:   APRIL 27, 2022                    RESPECTFULLY SUBMITTED,

*/s/ Justin C. Pfeiffer*
JUSTIN C. PFEIFFER
Texas Bar No. 24091473
S.D. Tex. Bar No. 2533035
   *Counsel of Record*
[Tel.] (832) 312-7900
jcpfeiff@umich.edu

COUNSEL FOR PLAINTIFF JUSTIN CARL PFEIFFER

---

[9] For the reasons explained *infra*, I.B, "otherwise" cannot include roving around to find an unserved petition and somehow converting that into a live controversy without either a plaintiff effectuating service or a defendant accepting service or appearing in the court in which the matter was filed.

[10] *The Mayor v. Cooper*, 73 U.S. (6 Wall.) 247, 252 (1868) ("As regards all courts of the United States inferior to this tribunal, two things are necessary to create jurisdiction, whether original or appellate. The Constitution must have given to the court the capacity to take it, and an act of Congress must have supplied it.").

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2022, the foregoing document was served on all other counsel of record via CM/ECF.

DATED: April 27, 2022

*/s/ Justin C. Pfeiffer*
JUSTIN C. PFEIFFER